IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| USA,<br><br>Plaintiff,<br><br>v.<br><br>Joshua Walker,<br><br>Defendant. | Case No 21cr392-2<br>Judge Jeffrey T. Gilbert |

### ORDER

Initial appearance and arraignment proceedings held on 10/21/21. By agreement and consent of all the parties and pursuant to the CARES Act, all parties appear by telephone conference. Defendant was taken into custody on 10/21/21. Quinn Michaelis of the Federal Defender Panel is assigned as counsel for Defendant. Defendant was informed of the charges in the Indictment, the maximum penalties provided by law, and his rights. Defendant waived a formal reading of the Indictment and entered a plea of not guilty to each charge and all counts of the Indictment in which he is named. The Court sets the following schedule: Rule 16.1(a) conference to be conducted by 11/4/21. Status Hearing before Judge Rowland set for 12/2/21 at 10:15 a.m. The Court defers the setting of a pretrial motion schedule until the initial status hearing before Judge Rowland. On the Government's oral motion, and Defendant not objecting, the Court finds that the time from 10/21/21 to 12/2/21 is excluded under 18 U.S.C. § 3161(h)(7) to serve the ends of justice. Excluding time will permit the parties to review discovery materials and allow the reasonable time necessary for effective preparation. Such delay outweighs the interests of the public and the defendant in a speedy trial, particularly at this early stage of the case. The Government orally moved to detain Defendant pursuant to 18 U.S.C. § 3142(f)(1)(A). Defendant requests a hearing on the Government's motion. In accordance with 18 U.S.C. § 3142(f), for good cause shown and by agreement of the parties, a detention hearing is set for 10/28/21 at 11:00 a.m. via video on Cisco Webex. As provided by 18 U.S.C. § 3142(f), Defendant is remanded to the custody of the U.S. Marshal and shall remain in custody. It is ordered that Defendant shall remain confined in the Metropolitan Correction Center or an alternative facility designated by the U.S. Marshal, but held separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ordered that Defendant shall be afforded reasonable opportunity for private consultation with his counsel while in custody. Pursuant to Federal Rule of Criminal Procedure Rule 5(f) (1), the court confirms the prosecutor's continuing obligation under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to disclose information favorable to the defendant that is material to guilt or punishment. Failure to disclose may result in various consequences, including but not limited to: exclusion of evidence, adverse jury instructions, a mistrial, dismissal of charges, vacatur of a conviction or guilty plea, disciplinary action against the prosecution, and contempt proceedings. On the Government's oral motion, the superseding indictment is ordered unsealed as to all Defendants. (X-T) T: 00:15

10/21/21

Magistrate Judge Jeffrey T. Gilbert